IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **AFFILIATED FM INSURANCE COMPANY** <br> 270 Central Avenue <br> Johnston, RI 02919 | * <br><br> * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: _____ |
| **HITT CONTRACTING, INC.,** <br> 2900 Fairview Park Drive <br> Falls Church, VA 22042 | * <br><br> * | |
| **AND** | * | |
| **BROTHER'S MECHANICAL, INC.** <br> 8394 Terminal Road, Suite A <br> Lorton, VA 22079 | * <br><br> * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

Plaintiff, Affiliated FM Insurance Company ("AFM"), as subrogee of 300 M Street Development Group, LLC ("LCOR"), by its undersigned counsel, files this Complaint against HITT Contracting, Inc. ("HITT") and Brother's Mechanical, Inc. ("Brother's Mechanical"), and in support thereof states and alleges:

## INTRODUCTION

1. This is a subrogation action arising from significant property damage and business interruption losses sustained by LCOR, the owner of a multi-family apartment complex, as a direct and proximate result of the negligent acts and omissions and contractual breaches of HITT and Brother's Mechanical. AFM, as LCOR's insurer and subrogee, seeks to recover damages in the amount of $1,020,494.

## THE PARTIES

2.	Plaintiff AFM is an insurance company organized and existing under the laws of the State of Rhode Island with its principal place of business in the State of Rhode Island. At all times pertinent to this action, AFM was and is licensed to do business, and was and is transacting business in the District of Columbia.

3.	Upon information and belief, HITT is a company organized and existing under the laws of the state of Virginia with its principal place of business in Virginia.

4.	Upon information and belief, Brother's Mechanical is a company organized and existing under the laws of the state of Virginia with its principal place of business in Virginia.

## JURISDICTION AND VENUE

5.	The United States District Court for the District of Columbia has jurisdiction over this matter under 28 U.S.C. § 1332 because diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6.	Venue is proper in the United States District Court for the District of Columbia under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the District and the property at issue is located here.

## FACTUAL ALLEGATIONS

7.	LCOR maintains a twelve-story multi-family apartment complex comprised of 426 apartment units and approximately 442,759 square feet, located at 300 M Street NE, Washington, DC (the "Property").

8.	On June 19, 2020, LCOR contracted with HITT (the "General Contract") to construct the Property.

9. On August 11, 2020, HITT entered into a subcontractor agreement with Brother's Mechanical (the "Subcontract") for, among other things, the installation of plumbing systems, including all fittings, connections, valves, gauges, and backflow devices necessary for a complete and functioning system.

10. On August 22, 2024, a water leak caused damage to the Property (the "Loss"). The water leak continued for approximately thirty minutes before being shut off by the building engineer.

11. During the water leak period, uncontrolled water flooded down from the twelfth floor into subsequent floors of the Property through a stairwell and elevator shaft. The water leak caused significant and widespread damage to ceilings, walls, and flooring in the common areas, as well as to twenty-nine apartment units and two elevators. The Loss was reported to AFM that same day.

12. AFM's investigation revealed that the water leak originated at a Reduced Pressure Zone Assembly ("RPZA") located on the twelfth floor of the Property.

13. An RPZA is a backflow preventer that prevents potentially contaminated backflow from entering a building's water supply. It accomplishes its purpose with two independent check valves and a relief valve between them. If either check valve fails, the RPZA's relief valve opens and discharges, ensuring that potentially contaminated water does not flow into the clean water supply. The RPZA is intended to accommodate normal discharge and nuisance spitting.

14. According to the RPZA Installation, Maintenance, and Repair Manual, an RPZA must be equipped with a "Watts air gap fitting" to contain and funnel the discharge. A Watts air gap fitting consists of two parts: a "Splash Guard" and an "Air Gap Drain Funnel." The Splash Guard operates to contain discharged water and direct it towards the funnel below. The Air Gap

Drain Funnel then channels that discharge downwards into a floor drain. The Air Gap Drain Funnel has brackets that must be attached directly onto the flood sensor on the RPZA.

15. The instruction manual also provides that an RPZA must be positioned over a floor drain to capture the funneled discharge.

16. As water discharges from the relief valve, it is supposed to be channeled through the Watts air gap fitting. Without either component of the Watts air gap fitting, the discharge goes in all different directions under pressure. And without a floor drain below the RPZA, the discharge of contaminated water accumulates without a proper place to drain.

17. Brother's Mechanical or its subcontractor installed the RPZA at the Property. Brother's Mechanical installed the RPZA at the Property with a fabricated "PVC reducer fitting" instead of a "Watts air gap fitting."

18. The PVC reducer fitting was installed without a Splash Guard or similar mechanism to shroud the relief valve and direct water to the funnel below.

19. Unlike a Watts air gap fitting, the PVC reducer fitting was not connected to the RPZA at all. In addition, there was no floor drain located below the RPZA.

20. The installation of the RPZA and related components constituted a deviation from the manufacturer's instructions, industry standards, and applicable codes, and created a foreseeable and unreasonable risk of water damage.

21. At the time of the Loss, the proper RPZA fitting and connection had not been installed and caused water to discharge outside the PVC reducer fitting, and without a floor drain, water caused significant damage to property beyond that loss of value or use of the RPZA, cost to repair or replace the RPZA, or the lost profits resulting from the loss or use of the RPZA.

22. Because of the water leak originating at the improperly installed RPZA on the twelfth floor of the Property, LCOR sustained property damage in the amount of $842,152 and business income losses in the amount of $178,342 for a total of $1,020,494.00.

23. The damages AFM seeks represent losses beyond that loss of value or use of the RPZA, cost to repair or replace the RPZA, or the lost profits resulting from the loss or use of the RPZA.

24. On January 27, 2022, AFM issued to LCOR a ProVision Property Insurance Policy bearing Policy Number 1137508 with a policy term of June 30, 2024 to June 30, 2025 (the "Policy").

25. AFM paid covered damages over the deductible in the Policy.

26. AFM is subrogated to the extent of its payments and to the rights of its subrogor, LCOR, against all individuals, entities and corporations responsible for causing or contributing to cause the damages resulting from the Loss.

## COUNT I - NEGLIGENCE
### (HITT and Brother's Mechanical)

27. AFM incorporates by reference all preceding paragraphs as if fully set forth herein.

28. At all relevant times, HITT and Brother's Mechanical owed a duty to LCOR, to use best construction standards and practices, to complete installation in accordance with instruction manuals and safety guidelines, and to otherwise ensure that the Property was in safe condition free of hazards or defects.

29. Upon information and belief, the RPZA water leak and subsequent damage were a direct and proximate result of the following negligence, carelessness, and negligent acts and omissions of HITT and Brother's Mechanical, by, among other things:

(a) failing to install the RPZA in accordance with the manufacturer's instructions and industry standards;

(b) failing to equip the RPZA with a Watts air gap fitting, including a splash guard and air gap drain funnel;

(c) failing to position the RPZA over a floor drain;

(d) using a non-compliant PVC reducer fitting that was not connected to the RPZA;

(e) failing to inspect, test, and verify the proper installation and functioning of the RPZA and related components;

(f) failing to remedy known hazards and defects; and

(h) otherwise failing to use due care under the circumstances.

30. The acts and omissions of HITT and Brother's Mechanical were the direct and proximate cause of the water leak and resulting damages.

31. As a direct and foreseeable result of Defendants' negligence, LCOR suffered property damage and business interruption losses in excess of $1,020,494, for which AFM, as subrogee, seeks recovery.

32. Because of the payments made under the Policy, and by operation of law, AFM is subrogated to the rights of LCOR regarding the damages because of the Loss.

## COUNT II – BREACH OF CONTRACT
### (HITT)

33. AFM incorporates by reference all preceding paragraphs as if fully set forth herein.

34. HITT has breached its obligations owed to LCOR under the General Contract, including, but not limited to, § 1.3.

35. HITT has breached its obligations owed to LCOR under the "General Conditions to the Agreement," including, but not limited to, §§ 3.2.1, 3.2.2, 3.3.1, and 3.4.1.

6

36. Pursuant to the General Contract, Brother's Mechanical performed the faulty installation of the RPZA while under HITT's direct supervision.

37. Pursuant to the General Contract, HITT is fully responsible for all acts and omissions of Brother's Mechanical.

38. The improper installation of the RPZA constitutes a material breach of the General Contract and, by extension, the Subcontract.

39. As a direct and proximate result of HITT's material breaches, LCOR suffered damages in the amount of $1,020,494, for which AFM, as subrogee, seeks recovery.

40. Pursuant to the General Contract, HITT is responsible for the acts and omissions of its subcontractors, including Brother's Mechanical, and is obligated to indemnify LCOR (and thus AFM as subrogee) for all losses resulting from such acts and omissions.

**WHEREFORE**, Plaintiff, Affiliated FM Insurance Company, as subrogee of LCOR Incorporated, respectfully requests that this Court enter judgment in its favor and against Defendants, HITT Contracting, Inc. and Brother's Mechanical, Inc., jointly and severally, in the amount of $1,020,494, together with pre- and post-judgment interest, costs of suit, attorney's fees as permitted by law or contract, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____
Bryant S. Green (Bar No. 1048238)
Noah E. Wolfenstein (Bar No. 90020261)
ZELLE LLP
1775 Pennsylvania Avenue NW, Ste. 375
Washington, DC 20006
(202) 899-4119 phone
(612) 336-9100 facsimile
bgreen@zellelaw.com
nwolfenstein@zellelaw.com
*Counsel for Plaintiff,*
*The Affiliated FM Insurance Company*